COMMONWEALTH *vs.* GARRETT GALLO
(and three companion cases[1]).

Middlesex. January 5, 1971. — April 20, 1971.

Present: TAURO, C.J., CUTTER, SPIEGEL, REARDON, & QUIRICO, JJ.

*Practice, Criminal*, Continuance, Dismissal.

Judgments dismissing indictments after continuances without findings and before trial and subject to claims of appeal by the Commonwealth were vacated by this court and the cases remanded for further proceedings indicated in *Commonwealth* v. *Brandano, ante*, 332.

FOUR INDICTMENTS found and returned in the Superior Court on June 7, 1968.

Motions to continue were allowed by *Sullivan*, J., and the indictments were dismissed by *Hale*, J.

*Terence M. Troyer*, Assistant District Attorney, for the Commonwealth, submitted a brief.

TAURO, C.J. In June of 1968 the defendants, Garrett Gallo and James H. McGaffigan, were indicted under G. L. c. 266, § 28, for receiving a stolen motor vehicle, knowing the vehicle to have been stolen. Both defendants were also indicted under G. L. c. 266, § 139, for altering the identifying number of a motor vehicle with intent to conceal the identity of that motor vehicle.

On November 1, 1968, upon the defendants' motions their cases were continued for one year without a finding under the supervision of the probation department. Each motion was supported by an affidavit. The judge certified "that the cause relied on exists and that the interests of public justice require the allowance [of the motions]." The Commonwealth claimed an appeal. In October of

---

[1] Of the companion cases one is against Garrett Gallo and two are against James H. McGaffigan.

1969, the indictments against each defendant were dismissed by another judge and the Commonwealth appealed.

These cases are governed by our decision in *Commonwealth* v. *Brandano, ante,* 332.[2]

The judgments are vacated and the cases are remanded for further proceedings consistent with the opinion in *Commonwealth* v. *Brandano, ante,* 332.

*So ordered.*

---

[2] It should be noted that the two indictments under G. L. c. 266, § 139 (altering identifying numbers of a motor vehicle), are not covered by G. L. (Ter. Ed.) c. 266, § 29.  These indictments are, nevertheless, controlled by the *Brandano* case.